UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATERSON POLICE PBA LOCAL 1, PATERSON POLICE PBA LOCAL 1 SUPERIOR OFFICERS ASSOCIATION, and ROBERT SMITH, a former Police Officer of the City of Paterson, FRANK PETRELLI, a former Superior Police Officer of the City of Paterson, JOHN CONTINI, JOHN HERALD, GEORGE JADLOS, TROY OSWALD, JAMES SWEENEY, MICHAEL WALKER, AKRAM ABDELLATIF, on their own behalves and on behalf of all other similarly situated former or current Superior Officers and Police Officers of the City of Paterson<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF PATERSON<br><br>      Defendant. | CIVIL ACTION NO.: 02 CV 3802 (FSH) (PS)<br><br><br><br>SETTLEMENT AGREEMENT AND CONSENT ORDER<br><br><br><br>DEC 29 |
| PATERSON POLICE PBA LOCAL 1 SUPERIOR OFFICERS ASSOCIATION, PATERSON POLICE PBA LOCAL 1, FRANK PETRELLI, GEORGE JADLOS, WILLIAM MCELRATH, THEODORE SOBOTKA, EMIL SCARMAZZO and EDWARD ALALA, WILLIAM MOTT, KEVIN BRADY, JAMES SWEENEY, ROBERT FINCH, DONALD RIZZO, ROBERT GLINKIN, LARRY DEPROSPO, JOSEPH RAFFERTY, WILLIAM DOLAN, RICHARD GLINKIN, ALEX DELUCCIA, JOHN | CIVIL ACTION NO.: 03 CV 869 (FSH) (PS) |

```
SPANO, ROBERT SMITH, JEFFERY      :
CONLON, JOHN MACHIARELLI          :
and GENE SCHNAIDT on their        :
own behalves and on behalf of     :
all other similarly situated      :
former or current Superior        :
Officers and Police Officers      :
of the City of Paterson           :
                                  :
           Plaintiffs,            :
                                  :
vs.                               :
                                  :
JOSE "JOEY" TORRES and THE        :
CITY OF PATERSON                  :
                                  :
           Defendants.            :
```

WHEREAS, the plaintiffs commenced the above-captioned actions against the defendants by filing two separate complaints that were eventually consolidated by filing of an Amended Complaint in the United States District Court for the District of New Jersey; and

WHEREAS, the defendants served and filed their Answer to the Amended Complaint in the above-captioned consolidated actions; and

WHEREAS, the parties have agreed to settle the above-captioned consolidated actions without further recourse to litigation under the terms set forth herein.

IT IS STIPULATED AND AGREED on the dates set forth below by and between the attorneys for the parties as follows:

1. All claims against defendants shall be dismissed and the Amended Complaint in the above-captioned consolidated actions deemed

settled in all respects, with prejudice and without costs or disbursements.

2. The defendant City of Paterson ("City") shall pay the sum of ONE MILLION TWO HUNDRED FIFTY THOUSAND ($1,250,000) DOLLARS (hereinafter referred to as the "settlement sum") in full settlement of all the claims of the plaintiffs in this action (including claims for attorney fees and costs), except for the overtime claims discussed and resolved in Paragraph 4 below. Apart from that portion of the settlement sum payable as attorney fees and costs, the settlement sum shall be payable to the plaintiffs in this action as either "back wages," from which all appropriate payroll deductions shall be made, or as "general payments," from which no payroll deductions shall be made. The plaintiffs, through their counsel, will designate to whom the monies from the settlement sum shall be paid, and whether designated as "back wages" or "general payments," and the City shall pay the settlement sum noted above in accordance with the following payment schedule:

A. No later than February 5, 2004, the total sum of THREE HUNDRED FORTY SIX THOUSAND SIX HUNDRED FORTY ($346,640) DOLLARS in back wages or general payments and attorney fees and costs to be divided among such plaintiffs and their counsel as are designated by counsel for the plaintiffs.

B. No later than July 5, 2004, the total sum of FOUR

HUNDRED FIFTY ONE THOUSAND SIX HUNDRED EIGHTY ($451,680) DOLLARS in back wages or general payments to be divided among such plaintiffs as are designated by counsel for the plaintiffs.

C. No later than July 4, 2005, the total sum of FOUR HUNDRED FIFTY ONE THOUSAND SIX HUNDRED EIGHTY ($451,680) DOLLARS in back wages or general payments to be divided among such plaintiffs as are designated by counsel for the plaintiffs.

The plaintiffs, through their counsel, shall provide to the defendant the necessary information concerning recipients, amounts and designation as back wages or general payments in order to permit the City to timely make the above payments.

3. Effective immediately, the City acknowledges that FLSA overtime compensation is payable at the rate of time and one-half for all eligible and approved overtime work performed by bargaining unit employees represented by the PBA or SOA.

4. No later than ~~February 2, 2004~~ July 5, 2004, the City shall pay the back wages due to members of the PBA or SOA who, between August 1, 2003 and November 21, 2003, were paid straight time only instead of time and one-half for overtime hours. The total amount of such payments is NINETY THOUSAND ONE HUNDRED FORTY ($90,140) DOLLARS to be divided among such plaintiffs as are designated by counsel for the plaintiffs.

5. The City shall pay overtime wages to all members of the PBA and SOA bargaining units in conformance with the terms of Section 29.4

4

of the current collective bargaining agreements (1998-2003) between the City and the PBA and SOA, and as such terms may be amended, and applicable State and Federal law.

6. The parties hereby recognize the accumulated compensatory time for the members of the PBA and SOA bargaining units as reflected in the computerized records of the Police Division and the City.

7. The plaintiffs, individually, and the PBA/SOA on behalf of the collective bargaining units and grievants agree to withdraw the following grievance arbitration cases with prejudice:

AR-2003-058: Arbitrator John Sands; and

AR-2003-577: Arbitrator Vernon Jensen.

8. The parties acknowledge and agree that neither their entering into this Settlement Agreement and Consent Order nor anything contained herein shall be deemed to be an admission by the defendants, or by any of them, that any of the conduct alleged by the plaintiffs violated any Constitution, statute, rule or regulation or was otherwise unlawful.

9. The parties acknowledge and agree that this Settlement Agreement and Consent Order is subject to the approval of the City Council of the City of Paterson and such approval is a condition precedent to the City's obligations contained herein. This Settlement Agreement and Consent Order shall not become effective, and therefore shall not be binding on the parties, unless and until the City Council duly approves the same.

10. By this Settlement Agreement and Consent Order, the parties hereto authorize U.S. Magistrate Judge Patty Shwartz to execute and enter this Consent Order on behalf of the Court. Any applications concerning any alleged violation of the terms of this Settlement Agreement and Consent Order shall be submitted to U.S. Magistrate Judge Shwartz, or, in her absence or unavailability, U.S. District Court Judge Faith S. Hochberg, or in her absence or unavailability, any other United States District Court Judge of the United States District Court for the District of New Jersey, for his/her consideration, enforcement or ruling.

Acknowledged and Agreed to on the dates set forth below:

Dated: December 19, 2003                    Dated: December 19, 2003

Mark C. Rushfield, Esq.                     Dorf & Dorf, P.C.
Attorney for Plaintiffs                     Attorney for Defendants


By: _____                 By: _____
    Mark C. Rushfield, Esq.                     Gerald L. Dorf, Esq.


SO ORDERED on ~~December~~ January 13, 200~~3~~4


_____
Honorable Patty Shwartz, U.S.M.J.

6